**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**DOCKETING STATEMENT--CIVIL/AGENCY CASES**

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 26-2056 TC Heartland LLC v. Susan S. Schiffman |
| **Originating No. & Caption** | 1:23-cv-00665 TC Heartland LLC v. Susan S. Schiffman |
| **Originating Court/Agency** | U.S. District Court for the Middle District of North Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | | |
| Date of entry of order or judgment appealed | June 22, 2026 | |
| Date notice of appeal or petition for review filed | July 24, 2026 | |
| If cross appeal, date first appeal filed | July 10, 2026 | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ◉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | 26-1912 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | 26-1912 (cases consolidated on 8/5/26) | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| The full statement of the nature of the case and the disposition is set forth on the attached page labeled Appendix A. |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Only if this Court reverses, vacates, modifies, or remands any portion of the Final Judgment on Heartland's defamation claims:

1. Did the district court err in granting summary judgment to Heartland on Dr. Schiffman's libel counterclaims by determining that Heartland's public statements on its website were protected opinion or scientific speech under the First Amendment?

2. Did the district court err in granting summary judgment to Heartland on Dr. Schiffman's abuse-of-process counterclaim by determining that Dr. Schiffman had not presented evidence sufficient to create a genuine dispute of material fact?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: TC Heartland LLC<br><br>Attorney: Stephen Shackelford, Jr.<br>Address: Susman Godfrey LLP<br>One Manhattan West<br>New York, NY 10001<br>Full list of attorneys listed in App'x B<br><br>E-mail: sshackelford@susmangodfrey.com<br><br>Phone: 212-336-8330 | Adverse Party: TC Heartland LLC<br><br>Attorney: Davida Brook<br>Address: Susman Godfrey LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br><br>E-mail: dbrook@susmangodfrey.com<br><br>Phone: 310-789-3100 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: TC Heartland LLC<br><br>Attorney: Bradley M. Risinger<br>Address: Fox Rothschild LLP<br>301 Hillsborough Street, Suite 1120<br>Raleigh, NC 27603<br><br>E-mail: brisinger@foxrothschild.com<br><br>Phone: 919-755-8700 | Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Susan S. Schiffman<br><br>Attorney: Kevin M. Bell<br>Address: Arnall Golden Gregory LLP<br>2100 Pennsylvania Ave., NW, Suite 350S<br>Washington, D.C. 20037<br>Full list of attorneys listed in App'x B<br><br>E-mail: kevin.bell@agg.com<br><br>Phone: 202-677-4906 | Name: Susan S. Schiffman<br><br>Attorney: Matthew Zapadka<br>Address: Arnall Golden Gregory LLP<br>2100 Pennsylvania Ave., NW<br>Suite 350S<br>Washington, D.C. 20037<br><br>E-mail: matthew.zapadka@agg.com<br><br>Phone: 202-677-4930 |

| **Appellant (continued)** | |
|---|---|
| Name: Susan S. Schiffman<br><br>Attorney: Mark R. Kutny<br>Address: Hamilton Stephens Steele + Martin, PLLC<br>525 N. Tryon St., Suite 1400<br>Charlotte, North Carolina 28202<br><br>E-mail: mkutny@lawhssm.com<br><br>Phone: 704-344-1117 | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Matthew Zapadka **Date:** 8/19/2026

**Counsel for:** Susan S. Schiffman

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on ____________ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| parties of record served via CM/ECF | |
| Signature: /s/ Matthew Zapadka | Date: 8/19/2026 |

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

**DOCKETING STATEMENT**

**26-1912 TC Heartland LLC v. Susan S. Schiffman**

**Appendix A**

**Nature of Case**

This case is about protecting a scientist's freedom of speech when her research raises questions about the safety of a product sold to millions of consumers. Here, Heartland spent nearly three years and seemingly millions of dollars attempting to silence the scientist who raised those very questions, and it did so without conducting a single contrary test or scientific inquiry of its own.

Dr. Susan Schiffman, a scientist and researcher, co-authored a peer-reviewed article titled *Toxicological and Pharmacokinetic Properties of Sucralose-6-Acetate and Its Parent Sucralose: In Vitro Screening Assays*. As the title reflects, the article studied *in vitro* screening assays involving sucralose-6-acetate ("S6A") and, its parent, sucralose. Heartland does not dispute that Splenda is composed of sucralose. After publication of the article, North Carolina State University issued a press release about the article, and Dr. Schiffman gave a local television interview discussing the article and its findings for a lay audience. Heartland filed this action on August 10, 2023, alleging that Dr. Schiffman defamed the Splenda brand through those public statements.

On May 5, 2025, the district court substantially granted Dr. Schiffman's motion to dismiss, leaving only one narrow theory for Heartland to pursue: whether Dr. Schiffman falsely stated that Splenda contains S6A. The court correctly applied the relevant case law by drawing an important line between protected scientific speech and a narrower alleged statement of fact. It held that Heartland could not sue Dr. Schiffman for statements summarizing her research on sucralose and S6A, or for opinions based on that research, because it had not alleged facts supporting a plausible inference that Dr. Schiffman's underlying research was based on fraudulent data or that her conclusions were the result of quackery. The court allowed the Splenda/S6A theory to proceed only because, accepting Heartland's allegations as true at the pleading stage, those allegations were sufficient to plausibly support an inference that Dr. Schiffman made a false statement knowingly and with malice.

After that ruling, the case should have narrowed to a single question: whether Dr. Schiffman falsely stated that Splenda contains S6A. It did not. Heartland instead pursued sweeping discovery extending well beyond that narrow issue and into the broader theories that the court had dismissed. It pursued discovery into Dr. Schiffman's research, the article, the independent contract laboratories that conducted the tests in the article, collaborators, media coverage of the article, several North Carolina universities, and the publisher of the article. It issued more than 20 third-party document subpoenas and seven third-party deposition subpoenas, sought extensions based

on the breadth of the third-party discovery, and moved to take additional third-party depositions after fact discovery closed. Heartland also contacted Taylor & Francis, the article's publisher, seeking an internal editorial investigation, and later sought to use discovery it obtained in this litigation outside of the case. After all of this, Heartland ultimately claimed that this discovery revealed "fraud" and "omissions" and sought to leave to amend its complaint to revive the previously dismissed theories. While that motion remained pending, Heartland proceeded as though its proposed amended complaint were already operative, serving seven expert reports addressing issues raised in the proposed pleading but not then part of the case. These reports largely challenged the scientific methodology underlying Dr. Schiffman's research, extending well beyond both the claim then before the court and the proper scope of a defamation action, which does not task courts with resolving disputes over scientific methodology.

The district court ultimately permitted both parties to amend their pleadings. Heartland amended its complaint to reassert the previously dismissed theories. Dr. Schiffman amended to assert counterclaims for libel and abuse of process.[1] Her libel theory mirrored Heartland's claim: Heartland alleged that Dr. Schiffman falsely stated that Splenda contained S6A; Dr. Schiffman alleged that Heartland falsely stated that she "falsely claimed" Splenda contained S6A and, in doing so, attacked her professional reputation and integrity as a scientist. The competing libel claims therefore turned on the same questions: whether Splenda contains S6A and whether the opposing party knowingly or recklessly made a false statement about that issue. Dr. Schiffman's abuse of process counterclaim addressed Heartland's conduct during the litigation itself. She alleged that heartland used the litigation process not merely to adjudicate its claims, but to financially burden her, discredit her within her within the scientific community, and interfere with her professional relationships and published research. The counterclaim concerned the type of litigation conduct that many states address through Anti-SLAPP laws, but North Carolina currently has no such statute or remedy.

The parties then filed cross-motions for summary judgment. While those motions were pending, North Carolina State University issued an official Investigation Report formally finding that Dr. Schiffman did not engage in research misconduct. Heartland responded by moving to reopen discovery so it could investigate the investigation.

On June 22, 2026, the district court granted summary judgment to Dr. Schiffman on all of Heartland's claims, holding that Dr. Schiffman's challenged statements were protected scientific speech, that Heartland had not shown Dr. Schiffman used fraudulent data or failed to accurately describe the data and methodology underlying her conclusions, and that Heartland had not shown actual malice. The court then denied Heartland's motion to reopen discovery, explaining that Heartland had already had every opportunity to investigate Dr. Schiffman's research and "ha[d] done so *ad nauseum*." The court also granted summary judgment to Heartland on Dr. Schiffman's

---

[1] Both parties originally brought claims under the North Carolina Unfair and Deceptive Trade Practices Act, but later jointly stipulated to their dismissal with prejudice.

libel and abuse-of-process counterclaims, denied the Heartland's numerous Daubert motions as moot, and entered final judgment dismissing all claims and counterclaims with prejudice.

Heartland noticed its appeal on July 10, 2026. Dr. Schiffman does not seek affirmative appellate relief if the judgment is affirmed. Her cross-appeal is protective and becomes relevant only if Heartland obtains reversal, vacatur, modification or remand. If Heartland's claims are revived, Dr. Schiffman seeks to preserve her reciprocal defamation counterclaim and abuse of process counterclaim. If the Court affirms the judgment in full, Dr. Schiffman does not ask the Court to reach the protective cross-appeal.

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

**DOCKETING STATEMENT**

**26-1912 TC Heartland LLC v. Susan S. Schiffman**

**Appendix B**

**Full List of TC Heartland LLC's Attorneys:**


Stephen Shackelford, Jr.
Geng Chen
Y. Gloria Park
Casen B. Ross
George R. El-Khoury
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Tel: (212) 336-8330
sshackelford@susmangodfrey.com
gchen@susmangodfrey.com
gpark@susmangodfrey.com
cbross@susmangodfrey.com
gel-khoury@susmangodfrey.com

Davida Brook
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

Bradley M. Risinger
FOX ROTHSCHILD LLP
301 Hillsborough Street, Suite 1120
Raleigh, NC 27603
Tel: (919) 755-8700
brisinger@foxrothschild.com

**Full List of Dr. Susan S. Schiffman's Attorneys:**

Kevin M. Bell
Matthew D. Zapadka
Andrew Beverina
April Meeks
ARNALL GOLDEN GREGORY LLP
2100 Pennsylvania Ave. NW, Suite 350S
Washington, DC 20037
Tel: (202) 677-4930
kevin.bell@agg.com
matthew.zapadka@agg.com
andrew.beverina@agg.com
april.meeks@agg.com

Mark R. Kutny
HAMILTON STEPHENS STEELE + MARTIN, PLLC
525 N. Tryon St., Suite 1400
Charlotte, North Carolina 28202
Tel: (704) 344-1117
mkutny@lawhssm.com